JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15 W-256

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Saharo Sacko

**DEFENDANTS**
Philadelphia Police Department
Confesor Nieves, Martin Vinson, Jonathan Roth

(b) County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*  717 848 3033
Sandra Thompson, Esq, Law Office of Sandra Thompson
351 East Princes St, PO Box 1901, York, PA 17405

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC § 1983

Brief description of cause:
Malicious prosecution, excessive force by police against Plaintiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  $ 300,000.00+

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

JAN 20 2015

DATE  01/20/2015

SIGNATURE OF ATTORNEY OF RECORD   S.T.

### FOR OFFICE USE ONLY

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

**UNITED STATES DISTRICT COURT**   **15**   256

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _2654 South 70th Street, Philadelphia, PA 19142_

Address of Defendant: _750 Race Street, Philadelphia, PA 19106_

Place of Accident, Incident or Transaction: _Philadelphia_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _Sandra Thompson, 636_ , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _1/20/2015_   _____   _84345_
                     Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.   **JAN 20 2015**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/20/2015_   _Sandra Thompson, 636_   _84345_
                     Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Saharo Saelco, Plaintiff

v.

City of Phila Police Dept, et al,
Defendants

CIVIL ACTION

**15** **256**
NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

_1/20/2015_          _Sandon Thompson, Œ_          _Saharo Saelco,_
**Date**          **Attorney-at-law**          **Attorney for**  _Plaintiff_

_7178483033_          _7178542223_          _Sthompson LLC@gmail.com_
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

**JAN 2 0 2015**

# THE LAW OFFICES OF SANDRA THOMPSON LLC

January 20, 2015

Clerk of Court, USDC
601 Market Street
Philadelphia, PA 19106

**15      256**

**RE:    Saharo Sacko v. City of Philadelphia Police Dept et al**
**Initial Complaint**

Dear Clerk:

    I could not file online so please accept this complaint for filing.  The filing fee of $400.00 is enclosed.

    Also enclosed is a self addressed postage prepaid envelope for the return of a time stamped copy.

Thank you.

Sincerely,

Sandra Thompson, Esq
Law Office of Sandra Thompson, LLC

CC client







# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

SAHARO SACKO,                :   NO.
        Plaintiff             :
                                    :   **15       256**
                                    :
      V.                                :
                                    :   Jury Trial Demanded
CITY OF PHILADELPHIA POLICE DEPARTMENT,   :
CONFESOR NIEVES, MARTIN VINSON, and     :
JONATHAN RUTH,                      :
        Joint and Several Defendants       :



FILED
JAN 2 0 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## COMPLAINT

AND NOW on this 20th day of January, 2015, here comes Saharo Sacko,

Plaintiff, by and through his counsel, Sandra Thompson, Esquire, to file this

Complaint and who does state as follows:

## INTRODUCTION

1.     This is an action at law to redress the deprivation under color of state law,

ordinance, regulation, custom, or usage of a right, privilege and immunity

secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments of

the United States Constitution and 42 USC § 1983. Plaintiff also seeks

redress for state actions.



## JURISDICTION AND VENUE

2.      Pursuant to 28 USCA §§ 1331, 1343, and 1367 this Court has jurisdiction

over the applicable provisions of the federal laws and of the United States

Constitution, such as:

a.      42 USC §§ 1983;

b.       the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution;

c.      the due process and equal protection clauses of the United States

Constitution and laws of these United States;

3.      The Court has pendent and supplemental jurisdiction over the state claims, as

there is a common nucleus of operative facts between the state claims and the

federal claims.

4.      Venue is within the Eastern District Court of Pennsylvania because it is

where all of the parties reside and where the various events complained of

have occurred.

2

<u>P ARTIES</u>

5.    Plaintiff is Saharo Sacko (hereinafter referred to as "Plaintiff"), a black male
      with a national origin from Diongaga, Mali, West Africa,  who at all times
      relevant resides at 2654 South 70th Street, Philadelphia, Pennsylvania 19142.

6.    Defendant, the City of Philadelphia Police Department (hereinafter referred
      to as "Department") has its principal headquarters located at Police
      Headquarters, 750 Race Street, Philadelphia, PA 19106 and it manages,
      directs, controls, creates, and implements policies, supervision, training, and
      discipline for the City of Philadelphia Police officers, which include co-
      defendants.

7.    Defendant Department fulfills the policing functions for the City of
      Philadelphia in that it owns, operates, manages, directs, controls, creates, and
      implements policies, supervision, training, and discipline for the Police
      Department, its officers and employees, which include the individual co-
      defendant officers.

8.    Defendant, Confesor Nieves, PR # 237973, Badge number 3954 (hereinafter
      referred to as "Nieves"), is believed to be a white male of Hispanic origin

3

who at all times pertinent hereto was a Police officer for the Department, whose principal place of business for the Department is in the 3rd District located at District Headquarters, 11th St and Wharton St., Philadelphia, PA 19147. He is being sued in his individual capacity as he abused his position and authority.

9.    Defendant, Martin Vinson, PR # 231411, Badge number 4892 (hereinafter referred to as "Vinson"), is believed to be a African American male who at all times pertinent hereto was a Police officer for the Department, whose principal place of business for the Department is in the 3rd District located at District Headquarters, 11th St and Wharton St., Philadelphia, PA 19147. He is being sued in his individual capacity as he abused his position and authority.

10.    Defendant, Jonathan Ruth, PR # 248037, Badge number 9232 (hereinafter referred to as "Ruth"), who at all times pertinent hereto was a Detective for the Department in the South Detective's Division whose principal place of business is 2301 S 24th St 2nd Fl., Philadelphia, Pennsylvania 19145. He is being sued in his individual capacity as he abused his position and authority.

4

11.   Nieves, Vinson, and Ruth each acted in his official capacity as a police

officers for the City of Philadelphia Police Department and had knowledge of

and participated in the Constitutional violations against Plaintiff and caused

injuries to Plaintiff as set forth below.

## FACTS

12.   On January 18, 2013 through January 19, 2013, Plaintiff was operating a

taxicab picking up clients and transporting them to their desired locations for

a fee.

13.   In the late evening of January 18, 2013 into the early morning hours of

January 19, 2013, Plaintiff picked up James Edwards, Caucasian male, and

transported him by taxicab to his desired location for a fee.

14.   After dropping off James Edwards, Plaintiff picked up another client for

transport for a fee.

15.   The new client found the cellphone and gave it to Plaintiff.

5

16. During the transport of the new client, Plaintiff was also contacted by his dispatcher and advised that his prior client, later discovered to be James Edwards, had forgotten his cellphone in the back of the taxicab.

17. According to Parking Authority policy which regulates taxicab drivers and lost and found property, Plaintiff had twenty-four hours to turn in the phone.

18. The procedure was for Plaintiff to turn the phone into a Parking Authority agent seen during his route or to drop it off at the office.

19. As it was a weekend, the Parking Authority was closed and James Edwards would not be able to obtain his cellphone until the next business day.

20. James Edwards did not want to wait, so he requested that Plaintiff would travel to his location to return the phone to him.

21. Plaintiff's dispatcher made the arrangements with James Edwards informing him that the return of the phone is a service performed for a fee.

22. As there was no actual fare or client, the Dispatcher calculated the amount that would be payable which was about $17.00 and informed both Plaintiff and James Edwards.

6

23.     After James Edwards agreed to pay the fee, Plaintiff was dispatched to return the phone to him.

24.     When Plaintiff arrived to return the phone and collect the fee for his travel, James Edwards refused to pay the fee throwing around $5.00 at Plaintiff.

25.     After some discussion, James Edwards told Plaintiff that he was going to get the additional money.

26.     Plaintiff remained in his taxicab waiting on James Edwards return.

27.     Instead of James Edwards returning to Plaintiff, he called the police reporting that Plaintiff had stolen the cellphone.

28.     Officers Nieves and Vinson responded to the call. (hereinafter referred to as "officers")

29.     On January 19, 2013, after taking James Edwards statement, both officers immediately approached Plaintiff with weapons drawn ordering him out of the taxicab.

30.     When Plaintiff questioned the officers as to why he was being arrested, the officers responded for him to shut up, pulled him out of the vehicle,

7

physically assaulted Plaintiff including kneeing him in the groin to take him down to the ground.

31.   The officers also responded to Plaintiff that if he did not like what was happening to him, then he can go back to his country.

32.   Prior to handcuffing Plaintiff, the officers did not question Plaintiff or explain to him why he was under arrest or suspicion.

33.   The officers knew nothing more than a white male made an accusation against a black male.

34.   Once the officers finally explained to Plaintiff why he was arrested, Plaintiff explained that he was following the direction of his Dispatcher and company policy.

35.   The officers failed to contact Plaintiff's dispatcher, the taxicab company, or the Parking Authority to confirm Plaintiff's account or company policies.

36.   The officers transported Plaintiff to 8th and Race Streets and detained him for at least 16 hours.

37.   Detective Ruth with supervisory authority over the 3rd District substantiated the acts done by Nieves and Vinson and the charges filed against Plaintiff.

8

38.  Detective Ruth also interviewed James Edwards but failed to interview Plaintiff, Plaintiff taxicab company, the dispatcher and the Parking Authority.

39.  The officers and Detective Ruth ignored or unjustly disregarded the communications attempts from Plaintiff's dispatcher and taxicab company who tried to support Plaintiff explaining what occurred contrary to James Edward's report.

40.  Around January 19, 2013, with the agreement and support of each Defendant a written complaint with OTN N843810-2 was filed against Plaintiff alleging that he committed Theft By Unlawful Taking, 18 Pa CS § 3921A, Theft of Property Lost, 18 PA CS § 3924, Receiving Stolen Property, 18 PA CS § 3925.

41.  Plaintiff was required to spend time and money taking time off from work to appear in court defending against the criminal charges.

42.  The case was finally dismissed and disposed of after an appeal to the Common Pleas court, docketed as CP-51-CR-0010492-2013 and a jury trial whereas the jury found Plaintiff not guilty of all criminal charges on May 8, 2014. (A copy of the Trial Disposition and Dismissal Form and the Docket

are attached hereto, incorporated herein as if stated in full and marked as Exhibit A)

43. Plaintiff suffered personal injury, severe emotions distress, lost wages, additional expenses, loss of life enjoyment, humiliation, harassment, and disparagement because of each Defendants' actions or failure to act.

44. Each Defendant's act or failure to act was willful, wanton, malicious and with reckless disregard of the consequences as to reveal a conscience and deliberate indifference to Plaintiff's constitutional protections and to the clear risk of injury to Plaintiff.

45. Because of Plaintiff's race and national origin, he was denied rights to due process and to equal protection under the law.

46. At all relevant times, Defendants were engaged in the investigative and administrative functions.

47. No reasonable police officer would believe that the actions and failures to acts of Nieves, Vinson and Ruth did not violate clearly established statutory or constitutional rights

10

48.   There are no other remedies available to Plaintiff or all other remedies are

inadequate.

### COUNT  I- Violation of 42 USC §1983

#### A.   Failure to Train and Supervise; Deliberate Indifference

49.   Paragraphs 1 through 48 are incorporated herein as if stated in full.

50.   Defendant Ruth and the Department are policy makers for police officers and

acting under the Color of State law they caused and contributed to the

prosecution of Plaintiff.

51.   Defendants Nieves and Vinson acted under the Color of State law while in

their official capacity under the supervision of the Department.

52.   Upon information and belief, Department completely failed to properly train

and supervise Nieves, Vinson and Rith as police officers in procedures

concerning identifications, investigations, seizure, and matters of sensitivity

when dealing with a person with racial and ethnic differences to prevent the

11

practice, policy or custom of racial profiling, and selective and malicious prosecution on the basis of race or national origin.

53.   Upon information and belief, the training and supervision of the involved officers were inadequate and insufficient to prevent the practice, policy or custom of substituting skin color, race, or national origin for evidence as grounds for suspicion.

54.   Upon information and belief, the training and supervision of the involved officers were inadequate and insufficient to prevent the practice, policy or custom of fabricating, embellishing, or omitting material information in affidavits to give the false or erroneous impression of probable cause for an arrest.

55.   Upon information and belief, Defendant Department failed to train and supervise Nieves, Vinson and Ruth in procedures that would eliminate or at least minimize the risk of the constitutional violations and injuries suffered by Plaintiff as outlined herein.

56.   Upon information and belief, Plaintiff suffered racial profiling, suspicion, detention, and selective and malicious prosecution because of his skin color,

race and/or national origin which was a direct and proximate result of the
Department's failure to train and supervise Nieves, Vinson and Ruth.

57. Upon information and belief, such failures were the result of deliberate
indifference to the rights of racial and ethnic minorities with whom the
Defendants have contact.

58. Upon information and belief, having received prior complaints of racial
profiling and of searches and arrests lacking probable cause based on skin
color, race or national origin, the Department knew or should have known
that proper training, re-training and supervision of Nieves, Vinson and Ruth
were necessary to prevent violations of Constitutional rights as suffered by
Plaintiff.

59. Upon information and belief, the failures of the Department were due to a
practice, custom or policy of indifference to the necessity of adequate
training and supervision of their officers when dealing with persons of
different racial and ethnic backgrounds and national origins.

13

60.    Upon information and belief, as a direct and proximate cause of the aforesaid

acts or failures to act, and the customs, policies, or usage, Plaintiff was

denied his constitutional rights and was not afforded equal protections.

61.    Defendants violated Plaintiff's rights that were clearly established by the

Fourth, Fifth, and Fourteenth Amendments, the due process and equal

protection clauses of the United States Constitution, and 42 USC § 1983.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against
each Defendant for compensatory and punitive damages plus attorney fees and costs
in an amounts in excess of $300,000.00 or as thought reasonable, as well as any
other fair and equitable remedy.

### B.   Deliberate Indifference in Policy and Customs

62.    Paragraphs 1 through 61 are incorporated herein as if stated in full.

63.    Upon information and belief, Defendant Department as policymaker for its

officers and employees at all times relevant had a practice, policy and/or

custom of shielding officers from complaints of citizens for racial profiling

14

as a basis of suspicion in criminal investigations and of selective prosecution based on skin color, race or national origin.

64.   Upon information and belief, Defendant Department at all times relevant set, reinforced or failed to correct a practice, policy and/or custom for its officers to focus investigations and/or prosecutions of persons based on their skin color, race or national origin.

65.   Upon information and belief, Defendant Department at all times relevant set, reinforced or failed to correct a practice, policy and/or custom of using skin color, race or national origin as the primary reason to suspect that an individual has broken the law or to pursue prosecution.

66.   Upon information and belief, Defendant Department set, reinforced or failed to correct within the police department a practice, policy or custom of fabricating, embellishing, or omitting material information in affidavits to give the false or erroneous impression of probable cause for an arrest.

67.   Upon information and belief, Defendant Department at all times relevant set, reinforced or failed to correct policy and/or custom of acquiescing in unconstitutional practices of their officers in prior circumstances of racial

15

profiling and the practice of substituting skin color, race, ethnicity and/or

national origin for evidence as grounds for suspicion or prosecution which

allowed the constitutional abuses against Plaintiff to occur as alleged in this

case.

68.  Upon information and belief, Defendants Department at all times relevant

set, reinforced or failed to correct a practice, policy and/or custom of

inadequate response to an investigation of citizen complaints and an

ineffective and inadequate response to offending officers.

69.  Upon information and belief, as a direct and proximate cause of the aforesaid

acts or failures to act, and the practice, customs, policies, or usage, Plaintiff

was denied his constitutional rights and was not afforded due process or

equal protections.

    WHEREFORE, Plaintiff respectfully requests judgment in his favor against
each Defendant for compensatory and punitive damages plus attorney fees and costs
in an amounts in excess of $300,000.00 or as thought reasonable, as well as any
other fair and equitable remedy.

COUNT II- 42 USC §1983 -    Malicious Prosecution

70.    Paragraphs 1 through 69 are incorporated herein as if stated in full.

71.    Nieves, Vinson and Ruth subjected Plaintiff to malicious prosecution, in that:

   a.  they initiated a criminal proceeding or caused a criminal proceeding to

   be initiated against Plaintiff;

   b.  the criminal proceeding terminated in Plaintiff's favor;

   c.  the criminal proceeding was initiated without probable cause as no

   reasonable police officer would rely on the mere self-serving statements

   of James Edwards with performing an investigation to inquire of the

   taxicab company and of the Parking Authority which supervises and

   regulates taxicab drivers;

   d.  Nieves, Vinson and Ruth  acted maliciously and/or for the purpose of

   harassing, intimidating, or racial profiling Plaintiff rather than for the

   purpose of bringing Plaintiff to justice.

17

e. Plaintiff was deprived of his liberty as: he was incarcerated; his

activities were limited; he was required to attend all hearings; and he was

required to report to court personnel until the case was dismissed.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against each Defendant for compensatory and punitive damages plus attorney fees and costs in an amounts in excess of $300,000.00 or as thought reasonable, as well as any other fair and equitable remedy.

## COUNT II- 42 USC §1983 - EXCESSIVE FORCE

72. Paragraphs 1 through 71 are incorporated herein as if stated in full.

73. Nieves and Vinson's physical assault upon Plaintiff amounted to an unreasonable seizure.

74. In light of the facts and circumstances confronting the officers, their amount and substance of force used against Plaintiff was objectionably unreasonable.

75. Plaintiff sustained a significant or meaningful physical injury which was a direct or foreseeable consequence to their actions.

18

WHEREFORE, Plaintiff respectfully requests judgment in his favor against each Defendant for compensatory and punitive damages plus attorney fees and costs in an amounts in excess of $300,000.00 or as thought reasonable, as well as any other fair and equitable remedy.

Respectfully Submitted:

Law Office of Sandra Thompson, LLC
PA ID No. #84345

351 East Princess Street
P.O. Box 1901, York, Pennsylvania 17405
Tele: 717-848-3033; Fax: 717-854-2223
sthompsonLLC@gmail.com
Counsel for Plaintiff

# Trial Disposition and Dismissal Form

_____ Currently In County Prison
_____ Intake given at time of Plea
_____ Plea
_____ Plea & Sentencing
_____ Trial
_____ IPP
File #_____

_____ ARD
_____ Standard
_____ Revo. (Prob./Parole)
_____ ICC
_____ Bench Warrant Review Hearing

Presently on supervision with P.O. _____

Page: _____ 1 of _____ 1
Date: _____
PSI Agent: _____
Court Rep. Initials: _____
Case Assigned To: _____
Collections Initials: _____

## DISPOSITION / COMMITMENT

Name: **Sacko, Saharo**
Race: **Black**   Sex: **Male**
Sentencing Date: _____
Defense Counsel: **Thompson, Sandra Ilene**
48 Hrs: _____   30 Days: _____

DOB: **09/01/1964**
SSN: **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**
Time: _____
PID: **0903283**
90 Days: _____

D.A.: **Philadelphia County District Attorney's Office**
Disp.Authority: **Street, Sierra Thomas**
Typing Date: _____
Court Room: **508**
BAC: _____   CRN Date: _____

| DOCKET OTN DATE of OFFENSE | COUNT - OFFENSE FINE RANGE PLEA | OFFENSE CODE GRADE | DISPOSITION DISPOSITION DATE SENTENCING DATE | FINES COSTS REST |
|---|---|---|---|---|
| CP-51-CR-0010492-2013 N 843810-2 01/19/2013 | 1 - Theft By Unlaw Taking-Movable Prop | 18§3921§§A M1 | Not Guilty Disposition Date: 05/08/2014 Sentence Date: 07/24/2013 Disposing Authority: Street, Sierra Thomas | Costs/ ___ Fines ___ EMSA ___ MCARE ___ Rest |
| CP-51-CR-0010492-2013 N 843810-2 01/19/2013 | 2 - Theft Property Lost Etc By Mistake | 18§3924 M1 | Not Guilty Disposition Date: 05/08/2014 Sentence Date: 07/24/2013 Disposing Authority: Street, Sierra Thomas | Costs/ ___ Fines ___ EMSA ___ MCARE ___ Rest |
| CP-51-CR-0010492-2013 N 843810-2 01/19/2013 | 99999 - Theft By Unlaw Taking-Movable Prop | 18§3921§§A M1 | Disposed at Lower Court Disposition Date: 08/23/2013 Sentence Date: 07/24/2013 Disposing Authority: Williams, R Seth | Costs/ ___ Fines ___ EMSA ___ MCARE ___ Rest |
| CP-51-CR-0010492-2013 N 843810-2 01/19/2013 | 99999 - Theft Property Lost Etc By Mistake | 18§3924 M1 | Disposed at Lower Court Disposition Date: 08/23/2013 Sentence Date: 07/24/2013 Disposing Authority: Williams, R Seth | Costs/ ___ Fines ___ EMSA ___ MCARE ___ Rest |
| CP-51-CR-0010492-2013 N 843810-2 01/19/2013 | 99999 - Receiving Stolen Property | 18§3925§§A M1 | Disposed at Lower Court Disposition Date: 08/23/2013 Sentence Date: 07/24/2013 Disposing Authority: Williams, R Seth | Costs/ ___ Fines ___ EMSA ___ MCARE ___ Rest |

**Comments:** ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt Jury trial- defendant adjudged NOT GUILTY by the jury.

bail

Issuing Authority _____

The Honorable Sierra Thomas Street



CP-51-CR-0010492-2013 Comm. v. Sacko, Saharo
Not Guilty

CPCMS 3573          7148135151

1

_Exhibit A_

Printed: 5/8/2014  4:44 PM

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0010492-2013**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Saharo Sacko

Page 1 of 10

## CASE INFORMATION

| | |
|---|---|
| Judge Assigned: Street, Sierra Thomas | Date Filed: 08/19/2013    Initiation Date: 08/19/2013 |
| OTN: N 843810-2         LOTN: | Originating Docket No: MC-51-CR-0002862-2013 |
| Initial Issuing Authority: Robert S. Blasi | Final Issuing Authority: |
| Arresting Agency: Philadelphia Pd | Arresting Officer: Vinson, Martin L. |
| Complaint/Incident #: | |
| Case Local Number Type(s) | Case Local Number(s) |
| District Control Number | 1303003648 |

## STATUS INFORMATION

Case Status:    Closed

| Status Date | Processing Status | | Arrest Date:    01/19/2013 |
|---|---|---|---|
| 05/08/2014 | Completed | | |
| 05/08/2014 | Awaiting Return of Bail | | |
| 05/05/2014 | Awaiting Trial | | |
| 02/10/2014 | Awaiting Trial Readiness Conference | | |
| 01/04/2014 | Awaiting Trial | | |
| 10/15/2013 | Awaiting Trial Readiness Conference | | |
| 09/05/2013 | Awaiting Trial | | |
| 09/04/2013 | Awaiting Arraignment | | |
| 08/23/2013 | Awaiting Formal Arraignment | | |
| 08/19/2013 | Awaiting Filing of Information | | |

Complaint Date:    01/19/2013

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 09/09/2013 | 11:00 am | 1104 | | Scheduled |
| Trial | 10/08/2013 | 9:00 am | 508 | Judge Angelo J. Foglietta | Moved |
| Trial | 10/15/2013 | 9:00 am | 508 | Judge Angelo J. Foglietta | Continued |
| Trial Readiness Conference | 02/05/2014 | 9:00 am | 508 | Judge Angelo J. Foglietta | Moved |
| Trial Readiness Conference | 02/05/2014 | 9:00 am | 508 | Judge Sierra Thomas Street | Scheduled |
| Trial | 02/10/2014 | 9:00 am | 508 | Judge Sierra Thomas Street | Continued |
| Trial | 02/10/2014 | 9:00 am | 508 | Judge Angelo J. Foglietta | Moved |
| Trial Readiness Conference | 04/30/2014 | 9:00 am | 508 | Judge Sierra Thomas Street | Scheduled |
| Trial | 05/05/2014 | 9:00 am | 508 | Judge Sierra Thomas Street | Continued |
| Trial | 05/07/2014 | 9:00 am | 508 | Judge Sierra Thomas Street | Continued |
| Trial | 05/08/2014 | 9:00 am | 508 | Judge Sierra Thomas Street | Scheduled |

CPCMS 9082

Printed: 01/19/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0010492-2013**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Saharo  Sacko

Page 2 of 10

## DEFENDANT INFORMATION

<u>Date Of Birth:</u>          09/01/1964          <u>City/State/Zip:</u>  PHILA, PA  19142-1703

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Probation Officer | Joyce, Joseph |
| Defendant | Sacko, Saharo |
| Probation Officer | Hopkins-Bot, Katherine |

## BAIL INFORMATION

**Sacko, Saharo**                                                                          **Nebbia Status:  None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 01/19/2013 | Nonmonetary | | $0.00 | | |
| | | | | | Posted | 01/19/2013 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 4 | M1 | 18 § 3921 §§A | Theft By Unlaw Taking-Movable Prop | 01/19/2013 | N 843810-2 |
| 2 | 5 | M1 | 18 § 3924 | Theft Property Lost Etc By Mistake | 01/19/2013 | N 843810-2 |
| 99999 | 1 | M1 | 18 § 3921 §§A | Theft By Unlaw Taking-Movable Prop | 01/19/2013 | N 843810-2 |
| 99999 | 2 | M1 | 18 § 3924 | Theft Property Lost Etc By Mistake | 01/19/2013 | N 843810-2 |
| 99999 | 3 | M1 | 18 § 3925 §§A | Receiving Stolen Property | 01/19/2013 | N 843810-2 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

**Lower Court Proceeding (generic)**

| | | | |
|---|---|---|---|
| Information Filed | 07/24/2013 | Not Final | |
| 99,999 / Receiving Stolen Property | Not Guilty | M1 | 18 § 3925 §§ A |
| Blasi, Robert S. | 07/24/2013 | | |
| 99,999 / Theft By Unlaw Taking-Movable Prop | Guilty | M1 | 18 § 3921 §§ A |
| Blasi, Robert S. | 07/24/2013 | | |
| Probation | Min of 9.00 Months | 07/24/2013 | |
| | Max of 9.00 Months | | |
| | 9 Months | | |
| 99,999 / Theft Property Lost Etc By Mistake | Guilty | M1 | 18 § 3924 |
| Blasi, Robert S. | 07/24/2013 | | |

CPCMS 9082                                                                          Printed: 01/19/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

### DOCKET



Docket Number: CP-51-CR-0010492-2013
# CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania

v.

Saharo Sacko

Page 3 of 10

### DISPOSITION SENTENCING/PENALTIES

| Disposition | | | | |
|---|---|---|---|---|
| Case Event | | Disposition Date | Final Disposition | |
|   Sequence/Description | | Offense Disposition | Grade | Section |
|     Sentencing Judge | | Sentence Date | Credit For Time Served | |
|       Sentence/Diversion Program Type | | Incarceration/Diversionary Period | Start Date | |
|         Sentence Conditions | | | | |
|       Merged | | | | |

**Proceed to Court**     Defendant Was Not Present

|   Information Filed | 08/23/2013 | Not Final | | |
|---|---|---|---|---|
|     1 / Theft By Unlaw Taking-Movable Prop | Added by Information | M1 | 18 § 3921 §§ A | |
|     2 / Theft Property Lost Etc By Mistake | Added by Information | M1 | 18 § 3924 | |
|     99,999 / Receiving Stolen Property | Disposed at Lower Court | M1 | 18 § 3925 §§ A | |
|     99,999 / Theft By Unlaw Taking-Movable Prop | Disposed at Lower Court | M1 | 18 § 3921 §§ A | |
|     99,999 / Theft Property Lost Etc By Mistake | Disposed at Lower Court | M1 | 18 § 3924 | |

**Not Guilty**

|   Trial | 05/08/2014 | Final Disposition | | |
|---|---|---|---|---|
|     1 / Theft By Unlaw Taking-Movable Prop | Not Guilty | M1 | 18 § 3921 §§ A | |
|     2 / Theft Property Lost Etc By Mistake | Not Guilty | M1 | 18 § 3924 | |
|     99,999 / Receiving Stolen Property | Disposed at Lower Court | M1 | 18 § 3925 §§ A | |
|     99,999 / Theft By Unlaw Taking-Movable Prop | Disposed at Lower Court | M1 | 18 § 3921 §§ A | |
|     99,999 / Theft Property Lost Etc By Mistake | Disposed at Lower Court | M1 | 18 § 3924 | |

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| Name:    Philadelphia County District Attorney's Office | Name:    Sandra Ilene Thompson |
|     Prosecutor |     Private |
| Supreme Court No: | Supreme Court No:    084345 |
| Phone Number(s): | Rep. Status:    Active |
|     215-686-8000    (Phone) | Phone Number(s): |
| Address: |     717-848-3033    (Phone) |
|     3 South Penn Square |     717-848-3303    (Phone) |
|     Philadelphia, PA  19107 | Address: |
| |     351 E Princess St |
| |     PO Box 1901 |
| |     York, PA  17405 |
| |     Representing: Sacko, Saharo |

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|

CPCMS 9082                                                     Printed:  01/19/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



Docket Number: CP-51-CR-0010492-2013

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Saharo Sacko

Page 4 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 08/19/2013 | | Unknown Filer |
| Appeal | | | |
| 1 | 08/23/2013 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 1 | 09/04/2013 | | Thompson, Sandra Ilene |
| Waiver of Appearance at Arraignment | | | |
| 4 | 09/05/2013 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 7 | 09/05/2013 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 8 | 09/05/2013 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 3 | 10/15/2013 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 5 | 10/15/2013 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |

CPCMS 9082

Printed: 01/19/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

Docket Number: CP-51-CR-0010492-2013

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Saharo Sacko

Page 5 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 6 | 10/15/2013 | | Foglietta, Angelo J. |

Defense Attorney Accepts Service - Defendant Failed to Appear

Advance Defense Request- defendant is on religious holiday.
Defendant also needs SONINKE LANGUAGE INTERPRETER.
Commonwealth is ready on call.
List for trial readiness conference on 02/05/2014.
List for Jury trial on 02/10/2014.
NCD- 02/05/2014 Rm 508.
Earliest Possible Date given

Hon. Angelo J. Foglietta
ADA- Megan McDonald/ Def- Sandra I. Thompson, Esq./ Ct. Rept- Monica Vasquez/ Ct. Clk- Lisa Corbitt

Defendant on bail/ served for the next listing

| 1 | 12/16/2013 | | Court of Common Pleas - Philadelphia County |
|---|---|---|---|

Hearing Notice

| 2 | 12/30/2013 | | Court of Common Pleas - Philadelphia County |
|---|---|---|---|

Hearing Notice

| 3 | 01/04/2014 | | Court of Common Pleas - Philadelphia County |
|---|---|---|---|

Hearing Notice

| 1 | 02/05/2014 | | Street, Sierra Thomas |
|---|---|---|---|

Trial Date to Remain

Soninke Interpreter has been confirmed as being ordered for defendant.
NCD- 02/10/2014 Rm 508.
Earliest Possible Date given

Hon. Sierra Thomas Street
ADA- Kate McDermott/ Def- Sandra I. Thompson, Esq./ Ct. Rept- Mo Prak/ Ct. Clk- Lisa Corbitt

Defendant on bail/ previously served for the next listing

| 1 | 02/10/2014 | | CP Courtroom Operations |
|---|---|---|---|

Trial Continued

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



Docket Number: CP-51-CR-0010492-2013
## CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
Saharo Sacko

Page 6 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 02/10/2014 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 6 | 02/10/2014 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 7 | 02/10/2014 | | Street, Sierra Thomas |

Order Granting Motion for Continuance

Defense Request- SONINKE Interpreter needed for the defendant was unable to get to court today due to inclement weather.
Commonwealth is ready for trial.
Time ruled excludable.
List for Trial Readiness Conference on 04/30/2014.
List for Jury trial on 05/05/2014.
NCD- 04/30/2014 Rm 508.
Earliest Possible Date given

Hon. Sierra Thomas Street
ADA- Kate McDermott/ Def- Sandra I. Thompson, Esq./ Ct. Rept- Mo Prak/ Ct. Clk- Lisa Corbitt

Defendant on bail/ served for the next listing

| 1 | 04/30/2014 | | Street, Sierra Thomas |
|---|---|---|---|

Status Listing

Commonwealth has no contact w/witness
Defense will be ready for trial
Trial Date of 5/5/14 to remain

J. Street; ADA: Koneski; Def Co: S. Thompson; Steno: M. Prak; Clerk: J. Misunas

| 1 | 05/05/2014 | | CP Courtroom Operations |
|---|---|---|---|

Trial Continued

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0010492-2013**
# CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
Saharo Sacko

Page 7 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 05/05/2014 | | Street, Sierra Thomas |

Commonwealth Motion - Civilian Witness Notified but Failed to Appear

Court is also on trial, Commonwealth vs. Raymond Maurice Blow, CP-51-CR-0007566-2013.
Defense is ready.
NCD- 05/07/2014.
SONINKE INTERPRETER NEEDED.
Earliest Possible Date given

Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson, Esq./ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

Defendant on bail/ served for the next listing

| 5 | 05/05/2014 | | Court of Common Pleas - Philadelphia County |

Hearing Notice

| 1 | 05/07/2014 | | Street, Sierra Thomas |

Jury Selection

Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

Defendant on bail

| 2 | 05/07/2014 | | CP Courtroom Operations |

Trial Continued

| 5 | 05/07/2014 | | Court of Common Pleas - Philadelphia County |

Hearing Notice

| 6 | 05/07/2014 | | Street, Sierra Thomas |

Jury Selection Completed

Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

Defendant on bail

| 7 | 05/07/2014 | | Street, Sierra Thomas |

Jury Sworn

Defendant arraigned at 3:07 PM, pleads NOT GUILTY to theft and theft property lost etc by mistake

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0010492-2013**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Saharo Sacko

Page 8 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|

8       05/07/2014            Street, Sierra Thomas

Proposed Preliminary Instructions
    Hon. Sierra Thomas
    ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

    Defendant on bail

9       05/07/2014            Lewis, Kathryn Streeter

Opening Statements
    Commonwealth- 3:17 PM - 3:23 PM
       Defense- 3:23 PM - 3:29 PM


    Hon. Sierra Thomas
    ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

    Defendant on bail

1       05/08/2014            Street, Sierra Thomas

Testimony Resumes
    Hon. Sierra Thomas
    ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

    Defendant on bail

2       05/08/2014            Street, Sierra Thomas

Prosecution Rests
    Hon. Sierra Thomas
    ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

    Defendant on bail

3       05/08/2014            Street, Sierra Thomas

Defense Testimony Begins
    Hon. Sierra Thomas
    ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

    Defendant on bail

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0010492-2013**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Saharo Sacko

Page 9 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 05/08/2014 | | Street, Sierra Thomas |

Defense Rests

Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

Defendant on bail

| 5 | 05/08/2014 | | Street, Sierra Thomas |

Closing Arguments
Defense- 2:07 PM - 2:25 PM
Commonwealth- 2:26 PM - 2:34 PM

Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

Defendant on bail

| 6 | 05/08/2014 | | Street, Sierra Thomas |

Jury Charged
Charge- 2:35 PM - 2:48 PM

Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

Defendant on bail

| 7 | 05/08/2014 | | Street, Sierra Thomas |

Due Deliberations
Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

Defendant on bail

| 8 | 05/08/2014 | | Street, Sierra Thomas |

Question from Jury
Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt

Defendant on bail

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0010492-2013**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Saharo Sacko

Page 10 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 9 | 05/08/2014 | | Street, Sierra Thomas |

Not Guilty

Hon. Sierra Thomas
ADA- Megan Koneski/ Def- Sandra Ilene Thompson/ Ct. Rept- Quadriyyah Taylor/ Ct. Clk- Lisa Corbitt
Jury trial. Defendant adjudged NOT GUILTY by the jury.

bail

## CASE FINANCIAL INFORMATION

| Last Payment Date: | | | | Total of Last Payment: | |
|---|---|---|---|---|---|
| Sacko, Saharo | Assessment | Payments | Adjustments | Non Monetary | Total |
| Defendant | | | | Payments | |
| **Costs/Fees** | | | | | |
| ATJ | $3.00 | $0.00 | -$3.00 | $0.00 | $0.00 |
| CJES | $2.25 | $0.00 | -$2.25 | $0.00 | $0.00 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | $0.00 | -$35.00 | $0.00 | $0.00 |
| JCPS | $10.25 | $0.00 | -$10.25 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | $0.00 | -$8.00 | $0.00 | $0.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | $0.00 | -$25.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $83.50 | $0.00 | -$83.50 | $0.00 | $0.00 |
| Grand Totals: | $83.50 | $0.00 | -$83.50 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

CPCMS 9082

Printed: 01/19/2015

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## VERIFICATION

I verify that the statements made in this Complaint are true and correct.   I understand that false statements herein are made subject to the penalties of perjury as they relate to unsworn falsification to authorities.

Saharo Sacko, Plaintiff